UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LACHARMON HARRIS** | * | **CIVIL ACTION NO. 18-0709** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **DRAX BIOMASS INCORPORATED and BOBBY COOPER** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant, Bobby Cooper. For reasons explained below, it is recommended that the motion be GRANTED.

### Background

On May 29, 2018, Lacharmon Harris filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") against his former employer, Drax Biomass Incorporated ("Drax") and his former supervisor, Bobby Cooper. *See* Complaint, doc. # 1. Plaintiff alleges that he was subject to racial discrimination, including verbal harassment, unfair treatment, and, ultimately, firing, by Drax and its employees, including Cooper. *See id.*

On June 27, 2018, Cooper filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Cooper contends that "there is no individual liability under Title VII." Memorandum, doc. # 7-12, p. 1. Plaintiff filed his opposition memorandum on July 18, 2018 [doc. # 9]; Cooper filed his reply on

July 23, 2018 [doc. # 12]. Thus, the matter is ripe.

## Discussion

I.  **12(b)(6) Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*.[1] Even if a plaintiff fails to oppose a 12(b)(6) motion, the court still is obliged to assess the legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, as here, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks

---

[1] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

omitted).

## II. Cooper Is Not Subject To Personal Liability Under Title VII

Cooper contends that Plaintiff fails to state a claim against him because he is not subject to individual liability under Title VII. *See* Memorandum, doc. # 7-1, p. 1. Liability under Title VII is limited to "employers." *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . ., *and any agent of such a person . . .*" *Id.* (citing 42 U.S.C. § 2000e(b)) (emphasis added).[2] "[A]ny agent," is interpreted liberally,[3] but not literally; rather, the phrase conveys Congress's intent to "import *respondeat superior* liability into Title VII." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) (citations omitted).

Fifth Circuit precedent is clear that individual employees are not subject to personal liability under Title VII. *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) ("[T]here is no individual liability for employees under Title VII." (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir.2002)); *Payne v. Univ. of S. Mississippi*, 681 F. App'x 384, 389 (5th Cir. 2017) (Upholding an award of attorneys' fees based on frivolous Title VII claims because "individuals are not liable under Title VII unless they are employers."). Although, under certain circumstances,[4] an immediate supervisor may be considered an "agent" and therefore an "employer" under Title VII, the supervisor faces liability solely in her official, not individual,

---

[2] A "person," in turn, "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

[3] *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990) (citations omitted)

[4] E.g., when the supervisor has been delegated the "employer's traditional rights such as hiring and firing." *Harvey, supra*.

capacity. *Harvey, supra; Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994). Thus, a Title VII suit against a supervisor, who is not an "employer" in her own right – is actually a suit against the employing corporation. *Indest v. Freeman Decorating, Inc.*, 164, F.3d 258, 262 (5th Cir. 1999). A plaintiff, however, may not maintain a Title VII action against *both* her employer and the employer's agent because the employing corporation could face double liability for the same act. *Id*. (citation omitted); *Smith, supra*. In other words, joinder of *both* the employer and its agent is redundant.

Plaintiff alleges that Cooper was employed by Drax as a Wood Yard Supervisor, not that he was an employer in his own right. *See* Complaint, doc. # 1, p. 1. All of Plaintiffs allegations involving Cooper are related to Cooper's position as an employee of Drax. *See* Complaint, doc. # 1. Since Plaintiff has named Drax as a defendant in this law suit, his Title VII claims against Cooper, who is not subject to personal liability, are redundant and should be dismissed.

**III.    Plaintiff Asserts No Other Claims Against Cooper**

In response to Cooper's motion to dismiss, Plaintiff seemingly concedes that Cooper is not liable under Title VII. *See* Response, doc. # 9. Instead, Plaintiff contends that he asserted state law tort claims against Cooper for abusive treatment and intentional interference with contractual relations. *See id.* at p. 1, ¶ 2. Plaintiff requests that the Court exercise supplemental jurisdiction over these claims. *Id.* at ¶¶ 3 & 4. Upon reviewing the Complaint, the undersigned finds no indication that Plaintiff intended to assert any state law claims. Specifically, the only cause of action mentioned in the Complaint is violation of Title VII, Plaintiff's only invocation of the Court's jurisdiction was federal question jurisdiction in relation to Title VII, and Plaintiff's prayer for relief mentions only "violations," presumably of Title VII. *See id.* at ¶¶ 1, 19(3), 24. Accordingly, the undersigned concludes that Plaintiff has failed to state any state law claims

against Cooper in the Complaint.

### IV. Amending the Complaint would be Futile

To the extent Plaintiff's Response could be interpreted as a motion to amend his complaint, the undersigned concludes that such motion should be denied. *See generally* Riley v. Sch. Bd. Union Parish, 379 F. App'x 335, 341 (5th Cir. 2010) (recognizing that a court should construe a *pro se* response to a dispositive motion as a motion to amend complaint under Federal Rule of Civil Procedure 15(a)). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15 (a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)(citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182). An amended pleading is futile if the amended claims would be subject to dismissal for lack of subject matter jurisdiction or would fail to state a claim upon which relief could be granted. *Benson v. Russell's*

6

*Cuthand Creek Ranch, Ltd.*, No. 14-0161, 2016 WL 3747226, at *1 (E.D. Tex. July 13, 2016) (citations omitted); *see also DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir.1968) (citation omitted).

Here, Plaintiff may have intended to assert state law tort claims for "abusive treatment" and "intentional interference with contractual relations" against Cooper in the Complaint. Response, doc. # 9, p. 1, ¶ 2. Louisiana tort claims are subject to a one-year prescriptive period. *See* La. Civ. Code Art. 3492. The events set forth in the Complaint were alleged to have taken place between June 23, 2014, when Plaintiff was hired by Drax, and July 8, 2016, when Drax terminated Plaintiff's employment. Complaint, p. 2, ¶¶ 6 & 11. However, this suit was not filed until May 5, 2018, well after the prescriptive period ran. The undersigned is not aware of any facts that would have interrupted the running of the prescriptive period. *See generally Weathersby v. Jacquet*, 813 So. 2d 1135, 1140 (La. App. 3 Cir. 2002) (assertion of Title VII claim and filing of a complaint with the EEOC did not interrupt state prescriptive period). Accordingly, the undersigned concludes that it would be futile for Plaintiff to amend the Complaint to add state law tort claims against Cooper.

Based on the foregoing, the undersigned concludes that Plaintiff has failed to state a claim for relief against defendant, Bobby Cooper. Accordingly,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant, Bobby Cooper, be **GRANTED** and that Plaintiff's claims against defendant, Bobby Cooper, be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 20th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE